UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALLISON M. WHITAKER,     Plaintiff,     vs. THE GEO GROUP, INC.,     Defendant. | ) ) ) ) ) ) ) ) ) ) )     CAUSE NO. 1:15-cv-31-WTL-MJD |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Before the Court is the Defendant's Motion to Dismiss (Dkt. No. 16). The Plaintiff has not filed a response to the motion, and the time for doing so has expired. The Court, being duly advised, now **GRANTS** the Defendant's motion for the reasons set forth below.

### I. RULE 12(b)(6) STANDARD

The Defendant moves to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 556 (2007).  However, "the pleading standards for *pro se* plaintiffs are considerably relaxed."  *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).  Complaints drafted by *pro se* litigants are construed liberally and held to a less stringent standard than those drafted by lawyers.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

This is particularly true in the context of employment discrimination claims.  The Supreme Court has held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).  Rather, the Plaintiff "must satisfy only the simple requirements of [Federal Rule of Civil Procedure] 8(a)."  *Id.* at 513.  In relevant part, Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought."  Fed. R. Civ. P. 8(a).  For example, "a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Luevano*, 722 F.3d at 1028 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)) (acknowledging the "unresolved tension between *Swierkiewicz* and the Court's later decisions in *Twombly* and [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]" and that court's "duty to [nonetheless] apply the Supreme Court's precedents unless and until the Supreme Court itself overrules them").  Such a standard is "without regard to whether a claim will succeed on the merits."  *Swierkiewicz*, 534 U.S. at 515.  "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  *Id.* (internal quotation omitted). Further,

> [i]n conducting our review, we must consider not only the complaint itself, but also documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.  We also must consider additional facts set forth in [the plaintiff's] . . .  briefs, so long as those facts are consistent with the pleadings.

*Phillips v. Prudential Ins. Co. of America*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (citations and internal quotation marks omitted).

Accordingly, in considering the instant motion, the Court has considered the facts alleged by the Plaintiff in her amended complaint as well as in her initial complaint (Dkt. No. 1) and its accompanying attachments. Reviewing the Plaintiff's allegations with the above-described standards in mind, from what the Court can discern, the Plaintiff alludes to several possible causes of action: gender and race discrimination claims under Title VII; a disability discrimination claim under the Americans with Disabilities Act; a discrimination claim under the Uniformed Services Employment and Reemployment Rights Act (USERRA); and a defamation claim under state law. Even applying the liberal pleading standard provided to *pro se* litigants, however, the Plaintiff has failed to specify the allegations in a manner that provides the Defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks*, 578 F.3d at 581 (quoting *Erickson*, 551 U.S. at 93) (omission in original).

For the foregoing reasons, the Defendants' Motion to Dismiss (Dkt. No. 16) is **GRANTED** in its entirety. The Plaintiff's Complaint, however, is **DISMISSED WITHOUT PREJUDICE**, and no final judgment will enter at this time in order to give the Plaintiff an opportunity to file an amended complaint that corrects its deficiencies. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation and citation omitted).

If Plaintiff wishes to continue with this lawsuit, she shall file an amended complaint **within 21 days of the date of this Entry**. That complaint shall succinctly identify each claim the Plaintiff is pursuing and set forth facts sufficient to explain the basis for each of the claims the Plaintiff wishes to pursue, consistent with the Court's discussion above. **The failure to file a timely amended complaint will result in final judgment being entered against the Plaintiff in this case.**

SO ORDERED: 8/25/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**ALLISON M. WHITAKER**
**9443 Conreid Drive**
**Indianapolis, IN 46235**

Copies to all counsel of record via electronic notification.